UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JEMAL'S BOULEVARD, LLC,

                 Plaintiff,

     v.                                               **DECISION AND ORDER**
                                                       22-CV-102S

VJ & O'NEAL ENTERPRISES, LLC, d/b/a,
AUNTIE ANNE'S,

                 Defendant.

_____

## I.      Introduction

This is a rental dispute commenced here under this Court's diversity jurisdiction, but Defendant presently challenges assertion of that jurisdiction (Docket No. 5, Def. Motion to Dismiss).

Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over an action where (a) the amount in controversy is $75,000 or more and (b) the action is between "citizens of different States," 28 U.S.C. § 1332(a)(1).  Plaintiff here alleges it is a limited liability company ("LLC") under the laws of New York, Defendant is an LLC under the laws of Wisconsin, and that the amount in controversy is "in excess of $125,00.00" in asserting diversity jurisdiction (Docket No. 1, Compl. ¶¶ 1, 3, 9, 13-14, WHEREFORE Cl.).

Now before this Court is Defendant's Motion to Dismiss (Docket No. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1).   Defendant argues that Plaintiff misrepresented its damages and thus failed to meet the diversity amount in controversy requirement for diversity jurisdiction (id.).  Given these alleged misrepresentations of the amount in controversy, Defendant also moves for sanctions under Rule 11 (id.).

On March 1, 2022, this Court ordered the parties to disclose the names and citizenships of the LLC members (Docket No. 10).   Plaintiff (Docket No. 12) and Defendant (Docket No. 11) filed affidavits naming the members of their respective LLCs and their citizenships.

For the reasons stated below, Defendant's Motion to Dismiss and its Motion for Rule 11 sanctions (Docket No. 5) are denied.

## II.   Background

### A.  Facts and the Complaint Allegations

Plaintiff LLC has as its sole member Douglas Jemal of Buffalo, New York (Docket No. 12, Jemal Aff. ¶¶ 1, 2, 3).

Defendant has two LLCs as its members, V & J Center, LLC (a Wisconsin corporation), and The O'Neal Enterprises, LLC (a Delaware corporation).  The members of these two LLCs are Valerie Daniels-Carter and John Daniels, Jr., both citizens of Wisconsin.  (Docket No. 11, Calvin Scott Aff.)  Defendant concludes that it, its members, and the member/owners of the member corporations were not citizens of New York (id. ¶ 5).

Plaintiff alleges that it acquired the Boulevard Mall and Defendant (operating as Auntie Anne's) maintained two leases in the mall (Docket No. 1, Compl. ¶¶ 1-2, 3-5).  The Auntie Anne's lease for space at K10 in the mall ran from September 1, 2013, through August 31, 2018, with month-to-month extensions thereafter until Defendant abandoned the space (id. ¶¶ 6-8).  Plaintiff does not allege when Defendant abandoned that space. It claims that Defendant owes back rent totaling $16,065.00 for the K10 space (id. ¶ 9).

From September 1, 2013, through August 31, 2018, Defendant rented from Plaintiff a second mall space, at K14, with month-to-month extensions thereafter (id. ¶¶ 10-12). Defendant still occupied K14 when Plaintiff sued.  Plaintiff alleges that Defendant failed to pay rent for the K14 space, owing a total $123,751.31 (id. ¶ 13).

Plaintiff concludes that Defendant owes a total of $139,816.31 in rent, plus its pro rata share of the mall's common area maintenance costs, late fees, interest, attorney's fees, and other costs (id. ¶¶ 14, 16-17).  "Despite repeated request the Defendants have not paid these costs to the Plaintiff despite owing the same" (id. ¶ 18; see id. ¶ 15).

B.  Defendant's Motion to Dismiss (Docket No. 5)

Instead of answering, Defendant moved to dismiss under Rule 12(b)(1), arguing that Plaintiff misrepresented the amount of rent due, inappropriately alleging an amount in controversy above the diversity threshold (Docket No. 5)[1].  Defendant's general counsel, Calvin Scott, submits his affidavit claiming that Plaintiff agreed to accept half of the rent due to the COVID pandemic and the lack of consumer traffic in the Boulevard Mall, that this unpaid amount is below the amount in controversy threshold of $75,000 (id. ¶ 3).  Further, Scott and defense counsel advised Plaintiff's counsel of this fact, but Plaintiff persisted in suing (id. ¶ 2).

Scott does not state the correct amount of rent, when precisely the parties agreed to the reduction, or present documents of Plaintiff's agreement to reducing the rent but merely argues that it does not owe $75,000 or more in rent (see id. ¶¶ 3, 4).

---

[1] In support of its Motion to Dismiss and for Sanctions, Defendant submits the Affidavit of its general counsel, Calvin Scott, Docket No. 5.

Plaintiff responds with the Affidavit of Cynthia Allen, controller of Zamias Services, Inc., the managing agent for Plaintiff, Docket No. 9, Ex. A.

Defendant also moves for sanctions against Plaintiff for this misrepresentation (Docket No. 5, Notice of Motion).

Responses to the Motions were due by March 4, 2022, and reply by March 11, 2022 (Docket No. 6).  Plaintiff responded (Docket No. 9).  After the parties disclosed the membership of the LLCs (Docket Nos. 11, 12), Defendant did not reply to its Motions. Defendant's Motions are deemed submitted without oral argument.

### III.    Discussion

A.  Applicable Standards

1.  Motion to Dismiss, Fed. R. Civ. P. 12(b)(1)

A Motion to Dismiss under Rule 12(b)(1) asserts a defense to this Court's ability to proceed with this case, see 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1349, at 56 (Civil 3d 2004).  It is the modern counterpart "to the common law pleas of abatement" and it does not go to the merits of a claim, id.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)," 13391 Broadway LLC v. Village of Alden, No. 19CV882, 2020 WL 7028601, at *3 (W.D.N.Y. Nov. 30, 2020) (Skretny, J.).  By invoking this Court's jurisdiction, Plaintiff bears the burden of demonstrating (by a preponderance of the evidence) proper subject-matter jurisdiction, McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Burgin v. Brown, No. 15CV201, 2018 WL 1932598, at *4 (W.D.N.Y. Apr. 24, 2018) (Skretny, J.); Steuben Foods, Inc. v. International Dispensing Corp., No. 09CV989, 2010 WL 2925954, at *3 (W.D.N.Y. July 23, 2010) (Skretny, C.J.) (citing

Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003); Malik v. Meissner, 82 F.3d

560, 562 (2d Cir. 1996)).

> "When considering dismissal of a cause of action pursuant to Rule 12(b)(1),
> this Court must take all facts alleged in the Complaint as true and draw all
> reasonable inferences in favor of the plaintiff.  Jaghory v. New York State
> Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997).  However, where there
> arises a question about the jurisdiction of a federal court, "jurisdiction must
> be shown affirmatively, and that showing is not made by drawing from the
> pleadings inferences favorable to the party asserting it."  Shipping Fin.
> Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Norton v.
> Larney, 266 U.S. 511, 515, 45 S. Ct. 145, 69 L. Ed. 413 (1925))."

Boergers v. Miami Dolphins, Ltd., No. 17CV401, 2019 WL 556636, at *1 (W.D.N.Y.

Oct. 29, 2019) (Skretny, J.).

This Court "may also consider affidavits and other materials beyond the pleadings,

but may not rely upon conclusory or hearsay statements," Burgin, supra, 2018 WL

1932598, at *4.  This Court may also conduct an evidentiary hearing to resolve disputed

jurisdictional facts, if necessary, Steuben Foods, supra, 2010 WL 2925854, at *3.  But

this hearing need not be held absent "complex legal or factual questions," Rich v. United

States, 119 F.3d 447, 449 n.1 (6th Cir. 1997); Steuben Foods, supra, 2010 WL 2925854,

at *3.  In Steuben Foods, this Court held that there was not complete diversity and, absent

compelling contradictory evidence, declined to hold an evidentiary hearing on

jurisdictional issues, 2010 WL 2925854, at *6.

### 2.  Diversity Jurisdiction, 28 U.S.C. § 1332

Federal diversity jurisdiction under § 1332 requires complete diversity amongst the

adverse parties.  For purposes of diversity, a limited liability company is treated as a

partnership for purposes of establishing its citizenship.  The LLC takes the citizenship of

each of its members.  Boergers, supra, 2019 WL 556636, at *2 (cases cited omitted);

5

Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). Where one LLC has as its members other LLC(s), the membership of the owning LLCs determines the citizenship of the first LLC, Boergers, supra, 2019 WL 556636, at *2, citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). (See Docket No. 10.)

The amount in controversy claimed by a plaintiff asserting diversity jurisdiction controls "if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (footnotes omitted).

### 3. Rule 11 Sanctions

A Rule 11 Motion for sanctions must be made separate from other motions and must describe the specific conduct that allegedly violated the rule, Fed. R. Civ. P. 11(c)(2). The motion first must be served but not filed with the Court if the challenged paper, claim, or contention is withdrawn within 21 days after service, id. The rule requires the sanction movant give the opponent a safe harbor to reconsider the objectionable contention before moving for sanctions.

Once filed, a party must receive notice and an opportunity to respond before sanctions may be imposed by this Court, Fed. R. Civ. P. 11(c)(1); 5A Charles A. Wright, Arthur R. Miller & A. Benjamin Spencer, Federal Practice and Procedure § 1337, at 471 (2018); see id. § 1337.3, at 508. "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion," Fed. R. Civ. P. 11(c)(2).

6

B.  Parties' Contentions

Defendant asserts that Plaintiff misstates the amount of rent in controversy and fails to allege an amount over the amount in controversy required under 28 U.S.C. § 1332. It claims that its rent was reduced by a half during the COVID pandemic.  (Docket No. 5.) Defendant does not allege when they agreed to this reduction.  Defendant also argues this falsification warrants sanction under Rule 11 (id.).

In response to these Motions, Plaintiff does not address the sanctions Motion but reasserts that the full amount of the rent due was the amounts alleged in the Complaint (Docket No. 9).  Its agent, Zamias Services, Inc. (through its controller Cynthia Allen), reported the rent due for spaces K10 ($16,065.23) and K14 ($146,825.76), totaled $162,890.99 (id. Ex. A, Allen Aff.).  Allen states that these amounts remain unpaid as well as other, unspecified charges (id. ¶ 5).  Allen does not admit to Plaintiff entering into an agreement to reduce Defendant's rent during the COVID pandemic.

This Court first will address Defendant's sanctions Motion then the Motion to Dismiss.

C.  Sanctions in a Motion to Dismiss

Defendant filed a combined Motions to Dismiss and for Rule 11 sanctions (Docket No. 5).  Under Rule 11, however, a sanctions Motion needs to be a separate, stand-alone Motion rather than an alternative form of relief for the Motion to Dismiss, see, e.g., 5A Federal Practice and Procedure, supra, § 1337.1, at 475 & n.9 (citing example cases). Thus, the Motion for Sanctions (Docket No. 5) is denied.

Also, there is no indication that Defendant first served the Rule 11 motion upon Plaintiff at least 21 days before filing the joint Motion, as required under Rule 11(c)(2).

The closest allegation is Defendant's general counsel stating that he and defense counsel in this case advised Plaintiff's counsel (on some unstated date) that the rent claimed in this action is incorrect (Docket No. 5, Scott Aff. ¶ 2).  If this notice was the predicate for the sanctions Motion under Rule 11(c), it fails to advise Plaintiff that the consequence of proceeding would be a sanctions Motion.  Defendant's present Motion fails to inform this Court whether Defendant notified Plaintiff of the consequences for sanctions if Plaintiff persisted.

This 21-day period provides a safe harbor for Plaintiff to reconsider its position before Defendant formally seeks sanctions, Fed. R. Civ. P. 11, Adv. Comm. Note (1993).  This safe harbor is to "forestall unnecessary motion practice," 5A Federal Practice and Procedure, supra, § 1337.2, at 494.  Absent an allegation of compliance with that portion of the Rule, Defendant's Motion for Sanctions is denied, e.g., Fierro v. Gallucci, 423 F. App'x 17, 18-19 (2d Cir. 2011) (summary Order), despite alleging sanctionable conduct in misstating its damages.

### D.  Diversity Jurisdiction

Plaintiff needs to allege two things to assert this Court's diversity jurisdiction: diversity of the citizenship of the parties and an amount in controversy over $75,000.  The parties presumed the first element until formally addressing it on this Court's Order (Docket No. 10) while contesting the second element.

#### 1.  Citizenship of These Parties

Considering the parties' submissions (Docket Nos. 11, 12) sought by this Court to clarify the diversity of citizenship here (see Docket No. 10), the present parties are from different States based upon their representations of the citizenships of the membership

of the respective LLCs.  Plaintiff is an LLC that has a single New York member, while Defendant's LLC has Wisconsin and Delaware LLCs as members.  These member LLCs, in turn, have the same two Wisconsin citizens as their members.  Thus, there is complete diversity between the parties (New York versus Wisconsin or Delaware) and this jurisdictional element has been met.

2.  The Amount in Controversy

The focus of the Motion to Dismiss, however, has been the alleged amount in controversy.  Plaintiff alleges that Defendant owes rent totaling more than $139,000 plus other unpaid, unaccounted expenses.  This Court finds that the Complaint meets the amount in controversy threshold.  By Plaintiff alleging unpaid rent, no inference is required to find the amount in controversy.

Defendant, however, disputes the truth of Plaintiff's allegations, claiming that Plaintiff agreed to halve the rent during the COVID pandemic (Docket No. 5).  Defendant does not state when this arrangement was in operation.  It also does not state the amount of alleged rent that is due, merely concluding that it is less than $75,000, the threshold for diversity jurisdiction.

Plaintiff later claims in a supporting Affidavit that the rent and other charges are ongoing expenses and the rent totals more than $162,000 (see Docket No. 9, Ex. A, Allen Aff.).  Although both parties here present affidavits asserting or disputing whether the unpaid rent exceeds the amount in controversy threshold (compare Docket No. 5, Scott Aff. with Docket No. 9, Ex. A, Allen Aff.), Defendant merely makes conclusory statements about a vague agreement to reduce the rent.  Defendant fails to state how the parties

9

entered into that agreement and whether that agreement was reduced to writing. Defendant does not state the amount of rent after this alleged reduction.

Defendant also does not state when this arrangement was agreed to. With the beginning of the COVID pandemic in March 2020, that would have reduced the rent only for K14 space (Plaintiff alleges that Defendant abandoned K10 at some point while continuing to occupy K14, Docket No. 1, Compl. ¶¶ 8, 12). Neither party has stated what the monthly rent is for K14 to enable calculation of what half of it would be from (for example) March 2020 to February 2022, when this action was commenced. Plaintiff also has not alleged when Defendant stopped paying rent at either space. If one accepts Defendant's version, it does not appear to a legal certainty that Plaintiff's damages are below the jurisdictional threshold due to the reduced K14 rent during the pandemic, see St. Paul Mercury, supra, 303 U.S. at 289. Defendant's argument goes to the merits of Plaintiff's claims for unpaid rent and costs.

Further, Defendant does not address the unpaid rent incurred prior to the start of the pandemic. The amount of this rent apparently is not affected by Defendant's claimed reduction agreement. This is not sufficient to justify dismissal of Plaintiff's diversity jurisdiction claim for want of alleged damages.

Thus, Plaintiff has alleged damages (in rent and other unpaid charges) that exceed the amount in controversy threshold. Defendant has not shown to a legal certainty either that Plaintiff's claims are less than the jurisdictional amount or there is bad faith in Plaintiff making its damages allegation. The alleged amount in controversy controls and Defendant's Motion to Dismiss (Docket No. 5) for want of diversity jurisdiction is denied.

## IV.     Conclusion

Defendant moved to dismiss and for sanctions (Docket No. 5).  Its Motion for

Sanctions is denied because that was combined with a Motion for other relief and was

sought first without establishing that Defendant afforded Plaintiff the safe harbor period

to reconsider its contentions.

On the Motion to Dismiss, the parties raised contentions about the rent owed.

Plaintiff has alleged damages beyond the threshold for diversity jurisdiction without

Defendant establishing a lower amount was due.  Defendant's Motion to Dismiss (id.) also

is denied.

Defendant shall serve and file its Answer to the Complaint (Docket No. 1) within

twenty-one (21) days of entry of this Decision and Order.

## V.     Orders

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 5) is

denied.

FURTHER, that Defendant's Motion for Rule 11 Sanctions (id.) is denied.

Defendant shall serve and file its Answer to the Complaint (Docket No. 1) within

twenty-one (21) days of entry of this Decision and Order.

SO ORDERED.


Dated:      April 22, 2022
            Buffalo, New York


                                   s/William M. Skretny
                                   WILLIAM M. SKRETNY
                                   United States District Judge

11